UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAD D. PEETE,

    Plaintiff,                              Civil Action No. 4:17-CV-11652
v.                                      HONORABLE TERRENCE G. BERG

THOMAS COMBS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

### I. Introduction

Before the Court is Plaintiff Lad D. Peete's *pro se* civil rights complaint filed pursuant to 42 U.S.C. §§ 1981 and 1983. Plaintiff is a state prisoner incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Complaint

Plaintiff pleaded guilty to two counts of first-degree criminal sexual conduct, one count of unarmed robbery, and one count of

1

breaking and entering in the Wayne County Circuit Court in 1979. As part of a plea agreement with the Wayne County Prosecutor, Plaintiff pleaded guilty to a reduced charge of second-degree murder in another case pending before Detroit Recorder's Court. Plaintiff was represented by Defendant Gerald Lorence at trial. Plaintiff was sentenced to life in prison for first-degree criminal sexual conduct convictions and 10 to 15 years in prison for unarmed robbery and breaking and entering. Plaintiff was also sentenced to life in prison for second-degree murder, but that sentence was vacated. *See People v. Peete*, 102 Mich. App. 34, 40, 301 N.W. 2d 53 (1980). Plaintiff was represented by Defendant Elizabeth Jacobs on appeal. On remand Plaintiff was re-sentenced to 10 to 30 years in prison.[1]

Plaintiff subsequently filed a post-conviction motion for relief from judgment before Judge Helene White—then a judge on the Wayne County Circuit Court—challenging his first-degree criminal sexual conduct sentences, which Judge White denied.

---

[1] Plaintiff has now been discharged from his murder conviction. The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

Many years later, on May 25, 2017, Plaintiff filed this §§ 1981 and 1983 Complaint against two parole board members, Judge Helene White (spelled as "Helen White," three assistant prosecutors in his case, and his court-appointed trial and appellate attorneys. He appears to argue that Defendants breached his package plea agreement through a "piecemeal adjudication" of his two separate criminal cases, which resulted in an excessive sentence for his first-degree criminal sexual conduct convictions. Plaintiff argues that after the Michigan Court of Appeals vacated his life sentence for second-degree murder, his life sentences on the first-degree criminal sexual conduct convictions should also have been vacated.

Finally, Plaintiff claims that the Michigan Parole Board has violated his plea agreement by continuing to deny him parole on the criminal sexual conduct conviction life sentences.

### III. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>     (i)   is frivolous or malicious;
>     (ii)  fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## IV. Analysis

**a. Dismissal of Plaintiff's Complaint**

For the reasons discussed below Plaintiff's Complaint is dismissed for failure to state a claim against all Defendants.

**1. Plaintiff has failed to state a claim under §1981**

Plaintiff has not stated a claim under 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in contractual relationships. Plaintiff has not alleged any facts to support a claim of racial discrimination under § 1981 and this section in any event is irrelevant to his allegations about his criminal prosecution. See *Holland v. O'Hair*, 1998 WL 152753, * 2, 145 F. 3d 1331 (6th Cir. 1998)(Table).

**2. Judge Helene White is immune from suit under §§1981, 1983**

Judge Helene White is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)(Eleventh Amendment bars civil rights actions against a state, its agencies, and its departments, unless the state has waived immunity). The State of Michigan has not consented to be sued for civil rights actions in federal court. *See Abick v. Michigan*, 803 F. 2d 874, 877 (6th

5

Cir. 1986). The Michigan Supreme Court and its lower courts operate as arms of the state, and enjoy the same sovereign immunity as the State of Michigan, *Pucci v. Nineteenth Dist. Ct.*, 628 F. 3d 752, 762–64 (6th Cir. 2010), as do its judges who are sued in their official capacities. *See Colvin v. Caruso*, 605 F. 3d 282, 289 (6th Cir. 2010)(citing *Cady v. Arenac Co.*, 574 F. 3d 334, 344 (6th Cir. 2009))(Eleventh Amendment immunity extends to state employees sued in their official capacities). Defendant Judge White is therefore entitled to Eleventh Amendment immunity.

Judge White is also entitled to absolute judicial immunity from lawsuits for injunctive or equitable relief. See 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x. 691 (6th Cir. 2003)(discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446–47 (E.D. Mich. 2006).

### 3. Defendant prosecutors are immune from suit under §§1981, 1983

Defendants J. Wouczyna[2], T. Kenny, and Larry Roberts have absolute prosecutorial immunity from §1983 liability for their actions negotiating Plaintiff's plea agreement. *Cooper v. Parrish*, 203 F. 3d 937, 946-47 (6th Cir. 2000)([A]cts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity"). And "conduct associated with plea bargains" in particular is considered "so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity." *Cady v. Arenac County*, 574 F. 3d at 341 (internal quotations omitted).

As with judicial immunity, the prosecutor's motives for actions taken on behalf of the state are irrelevant to whether the prosecutor is immune from suit for those actions. *Eldridge v. Gibson*, 332 F. 3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not

---

[2] The Complaint uses several different spellings for this Defendant, then an Assistant Wayne County Prosecutor, including "Wouczyba," "Wouozyna," and "Wouczyna". The Court believes that "Wouczyna" is the proper spelling.

overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F. 2d 1135, 1138 (6th Cir. 1989).

Defendants Wouczyna, Kenny and Roberts are thus immune from suit for their actions in negotiating Plaintiff's plea bargain.

4. **Plaintiff has failed to state a claim against his defense attorneys under §1983**

Plaintiff's suit against Gerald Lorence, his trial attorney, and Elizabeth Jacobs, his appellate attorney, must be dismissed because public defenders and court-appointed attorneys are not state actors under 42 U.S.C. § 1983. *Polk County v. Dodson,* 454 U.S. 312, 317 (1981)(noting neither perform their functions "under color of state law").

This is true even when a criminal defense attorney's defective performance results in the unconstitutional deprivation of an accused criminal defendant's liberty. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n. 6 (1983); *See also, e.g.*, *Floyd v. County of Kent,* 454 F. App'x. 493, 497 (6th Cir. 2012)(public defender was not liable for ineffective assistance of counsel under § 1983)); *Bomer v. Muechenheim*, 75 F. App'x. 998, 999 (6th Cir. 2003)(criminal defendant's appellate attorney was not liable for ineffective assistance of counsel under § 1983).

Thus even if Plaintiff believes his counsel was ineffective he still has no cognizable claim against either of them under §1983.

## 5. Plaintiff has failed to state a claim against parole board members

Plaintiff has no federal constitutional right to be paroled and thus has no cause of action against Defendants Thomas Combs and Barbara Sampson of the Michigan Parole Board for violating that "right." *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). Plaintiff also has no liberty interest in parole before the expiration of his sentence under the Michigan parole statute. *See, e.g.*, *Crump v. Lafler*, 657 F. 3d 393, 404-05 (6th Cir. 2011); *Foster v. Booker*, 595 F. 3d 353, 368 (6th Cir. 2010).

A prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing *In Re Parole of Johnson*, 596 N. W. 2d 202, 204 (1999)). Without a federal constitutional, or state-created liberty interest in parole a prisoner may not challenge the procedures used to deny him parole. *See Johnson,* 314 F. Supp. 2d at 713.

Plaintiff claims that the Michigan Parole Board violated the terms of his plea agreement by refusing to release him on parole. But because

9

the parole board was not a party to his plea agreement, its awareness, or its refusal to adopt the terms and conditions of his plea agreement are irrelevant in determining whether the *prosecution* violated that agreement. *See Cohen v. United States,* 593 F. 2d 766, 772 (6th Cir. 1979); *See Augustine v. Brewer*, 821 F. 2d 365, 369, n. 2 (7th Cir. 1987)([B]ecause the determination of parole eligibility is a separate phase of the criminal justice process, plea agreements that bind the prosecution with respect to . . . sentencing recommendations do not, absent a clear intent to the contrary, bind the decisions of a parole board in determining a prisoner's parole eligibility")(internal quotations omitted).

Plaintiff has therefore failed to state a claim against the parole board members for breach of his plea agreement.

**b. Denial of Plaintiff's motion for appointment of counsel**

Plaintiff does not have a constitutional or statutory right to the appointment of counsel in a federal civil rights case. *See Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995)(no constitutional right to appointed counsel in a civil case); *Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996)(no statutory right to

appointed counsel in a civil case). Appointment of counsel is not appropriate in a civil case where a *pro se* litigant's claims are frivolous or without merit. *See Lavado v. Keohane,* 992 F. 2d 601, 605-06 (6th Cir. 1993). As discussed above, Plaintiff has failed to state any claim against any of the named Defendants and the Court therefore declines to appoint him counsel.

Finally, because the Complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

# V. ORDER

**IT IS ORDERED THAT:**

(1) The civil rights complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

(2) the motion for the appointment of counsel is **DENIED**.

**(3) IT IS CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

Dated: November 28, 2017

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on November 28, 2017.

s/A. Chubb
Case Manager